## Howitt, to use, v. Howitt et al.

*Theodore A. Tenor*, for use plaintiff.
*Clyde Holt*, for Sheriff of Beaver County.

McCreary, P. J., October 7, 1948.—The bill in the above case, filed July 25, 1947, is based upon the desertion of plaintiff, Helen Howitt, by defendant, William F. Howitt. No answer has been filed by defendant. Petition for service by publication was presented to the court and granted, and proof of service by publication filed.

The bill as filed, with briefs submitted by plaintiff, requests equitable relief under the Act of May 23, 1907, P. L. 227, as amended by the Acts of April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867.

No answer having been filed by defendant, plaintiff, on July 9, 1948, filed a præcipe for a decree pro confesso, and the matter came on for argument under our rule of court. From the pleadings we make the following

*Findings of Fact*

1. Plaintiff, Helen Howitt, and defendant, William F. Howitt, were married November 23, 1940, and thereafter the parties lawfully lived together as husband and wife in the Borough of Rochester, County of Beaver and Commonwealth of Pennsylvania, up to June 22, 1945.

2. On or about June 22, 1945, the said William F. Howitt, one of defendants above named, separated himself from said plaintiff without reasonable cause and removed himself from the Commonwealth of Pennsylvania. Since said time his whereabouts have been unknown. The said William F. Howitt being of sufficient ability, has refused and neglected to contribute or to send to plaintiff any money or other property for the maintenance of herself and the two minor children of the parties, one born in 1941 and the other born in 1943.

3. From the date of the marriage plaintiff has maintained and now has her residence within the Borough

of Rochester, County of Beaver and Commonwealth of Pennsylvania.

4. The said William F. Howitt, one of defendants, now has personal property within the jurisdiction of this court consisting of the following: An undivided interest as tenant by the entireties, together with plaintiff, Helen Howitt, in a surplus in cash, at the time of the filing of the bill held by the Sheriff of Beaver County, but now paid into court in the hands of the prothonotary by order of court, the fund being realized on the foreclosure sale of real estate previously owned by plaintiff, Helen Howitt, and William F. Howitt, one of defendants, in the entireties, said surplus being in the amount of $275.87.

5. On March 19, 1948, this court authorized Ray P. McKenny, the Sheriff of Beaver County, to pay the funds in his hands, namely, $275.87, the proceeds of a writ of fi. fa. at no. 13, June term, 1947, into court and directed that thereafter the matter should proceed against the other defendant, William F. Howitt, alone, thereby eliminating the sheriff as a party defendant in the action.

6. The Department of Public Assistance of the Commonwealth of Pennsylvania is joined in the action as use plaintiff for the reason that use plaintiff has rendered assistance to plaintiff for herself and her minor children in an amount in excess of the fund constituting the tenancy by the entirety and is entitled to be subrogated in this action by reason of The Support Law of June 24, 1937, P. L. 2045, sec. 5, 62 PS §1975.

7. The fund above referred to is held by the prothonotary in the name of Helen Howitt and William F. Howitt, her husband, as tenants by the entireties.

Based on these findings of fact we make the following

### Conclusions of Law

1. By virtue of these proceedings and the acts of assembly, supra, made and provided, plaintiff is en-

titled to realize on the personal property held by defendant, William F. Howitt, and plaintiff, Helen Howitt, as tenants by the entireties.

2. The Act of May 23, 1907, P. L. 227, sec. 2, as amended by the Act of April 27, 1909, P. L. 182 and the Act of July 21, 1913, P. L. 867, provides as follows:

"Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife, without reasonable cause, or whose whereabouts are unknown, and, being of sufficient ability, has neglected or refused or shall neglect or refuse to provide suitable maintenance for his said wife, proceedings may be had against any property, real or personal, of said husband, necessary for the suitable maintenance of the said wife; and the court may direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds for such maintenance; and service upon the defendant shall be made in the manner provided in the act of General Assembly, entitled 'An act to authorize the execution of process in certain cases in equity, concerning property within the jurisdiction of the court, and on the defendants not resident or found therein', approved the sixth day of April, one thousand eight hundred and fifty-nine."

3. Plaintiff comes within the terms of the act of assembly, as amended, last cited, and has complied with the provisions thereof with reference to service upon defendant, William F. Howitt.

4. Defendant, William F. Howitt, having heretofore, on June 22, 1945, separated himself from his wife without reasonable cause and his whereabouts being unknown, and he being of sufficient ability, having neglected or refused to provide suitable maintenance for his said wife since said date, to wit, for a period of more than three years, and the fund in the hands of the court amounting to $275.87, and the Department of Public Assistance having furnished this

amount of assistance to Helen Howitt for the use of herself and her two children, Helen Howitt is now entitled to the whole of said fund for the use of the Department of Public Assistance.

## Discussion

The case of Costello v. Costello, 21 Del. Co. 448, is authority for the proposition that under the provisions of the Act of 1907, supra, as amended, proceedings may be had against any property, real or personal, of the husband necessary for suitable maintenance of his wife, even including estates held by the entireties, in every case where a husband brings himself within the provisions of said act of assembly as amended. Where a man separates from his wife without reasonable cause and, being of sufficient ability, neglects or refuses to provide suitable maintenance for his wife, proceedings may be had against any property, real or personal, of said husband necessary for the suitable maintenance of his wife, even if the property involved is held by the husband and wife as tenants by the entireties. See also the cases cited in 48 PS §132, and in the pocket parts.

Plaintiff should have the relief prayed for and our decree is made accordingly.

## Decree Nisi

Now, October 7, 1948, upon due consideration, it is ordered, adjudged and decreed that (1) under and by virtue of these proceedings and the said acts of assembly made and provided the prayer of petitioner is granted; (2) the fund now in the hands of the Prothonotary of the Court of Common Pleas of Beaver County, in the amount of $275.87, belonging to Helen Howitt and William F. Howitt, husband and wife, as tenants by the entirety, be paid over to plaintiff, Helen Howitt, for the use of the Department of Public As-

sistance of the Commonwealth of Pennsylvania, in accordance with the Acts of May 23, 1907, as amended by the Acts of April 27, 1909, and July 21, 1913, and (3) the prothonotary is directed to enter and give notice of this decree nisi as required by the Equity Rules.